# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT NORDBYE,<br><br>        Plaintiff,<br><br>    v.<br><br>MOUNTAIN LION ACQUISITIONS INC., et al.,<br><br>        Defendants. | Case No. 1:19-cv-00940-DAD-SAB<br><br>ORDER REQUIRING DEFENDANT MOUNTAIN LION ACQUISITIONS INC. TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH ORDER SETTING MANDATORY SCHEDULING CONFERENCE<br><br>DEADLINE: SEPTEMBER 23, 2019<br><br>(ECF Nos. 3, 17) |

On July 10, 2019, the Court issued an order setting a mandatory scheduling conference for September 24, 2019. (ECF No. 3.) Pursuant to the order setting the mandatory scheduling conference, the parties were ordered to file a joint scheduling report one full week prior to the scheduling conference. (ECF No. 3 at 2.) On September 1, 2019, a joint scheduling report was filed which contained responses from Plaintiff and Defendant Trans Union, LLC, however, the joint scheduling report signifies that the parties were unable to obtain responses from Defendant Mountain Lion Acquisitions, Inc. ("Mountain Lion"), and the report contains no information from Defendant Mountain Lion. (ECF No. 17.)

///

///

1

| | |
|---|---|
| 1 | The order setting the mandatory scheduling conference contains the following |
| 2 | information regarding the failure by a party to participate in drafting the joint scheduling report: |

> If any party fails to participate in preparing the Joint Scheduling Report, the non−offending party shall detail the party's effort to get the offending party to participate in the Joint Scheduling Report. The non−offending party shall still file the report one (1) full week prior to the Mandatory Scheduling Conference and shall list the non−offending party's proposed dates. Absent good cause, the dates proposed by the non−offending party will be presumed to be the dates offered by the parties. The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order.

(ECF No. 3 at 2.) Further, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). The Court shall require Defendant Mountain Lion to show cause why monetary sanctions should not issue for the failure to participate in the filing of the joint scheduling report.

Accordingly, IT IS HEREBY ORDERED that Defendant Mountain Lion shall show cause in writing on or before **September 23, 2019**, why monetary sanctions should not issue for the failure to participate in the filing of the joint scheduling report as required by the July 10, 2019 order setting the mandatory scheduling conference. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: **September 18, 2019**

UNITED STATES MAGISTRATE JUDGE