# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SCOTT NORDBYE, | Case No. 1:19-cv-00940-DAD-SAB |
|---|---|
| Plaintiff, | ORDER DISCHARGING ORDERS TO SHOW CAUSE AND IMPOSING SANCTIONS UPON D. SCOTT CARRUTHERS |
| v. | |
| MOUNTAIN LION ACQUISITIONS INC., et al., | (ECF Nos. 18, 23) |
| Defendants. | DEADLINE: OCTOBER 23, 2019 |

## I.

## PROCEDURAL HISTORY

On July 10, 2019, the Court issued an order setting a mandatory scheduling conference for September 24, 2019. (ECF No. 3.) Pursuant to the order setting the mandatory scheduling conference, the parties were ordered to file a joint scheduling report one week prior to the scheduling conference. (ECF No. 3 at 2.) On September 17, 2019, a joint scheduling report was filed which contained responses from Plaintiff and Defendant Trans Union, LLC, however, the joint scheduling report signified that the parties were unable to obtain responses from Defendant Mountain Lion Acquisitions, Inc. ("Mountain Lion"), and the report contained no information from Defendant Mountain Lion. (ECF No. 17.) On September 18, 2019, due to the failure to cooperate in the drafting of the joint scheduling report, the Court issued an order requiring Defendant Mountain Lion to show cause why sanctions should not issue for the failure to comply

1

with the order setting the mandatory scheduling conference in this action. (ECF No. 18.) The order to show cause required Defendant Mountain Lion to file a written response by September 23, 2019. (Id.)

Thereafter, the parties filed two amended joint scheduling reports that contained the required information from Defendant Mountain Lion, and thus it appeared Defendant Mountain Lion contacted the other parties and provided the necessary information for the joint report. (ECF Nos. 19, 20.) However, despite apparently participating in the drafting of the joint report, Defendant Mountain Lion failed to file a direct response to the Court's September 18, 2019 order to show cause, and the amended joint scheduling reports did not discharge the order to show cause. On September 23, 2019, the day Defendant's response to the order to show cause was due, the parties filed a stipulated motion to continue the scheduling conference. (ECF No. 21.) The Court granted the motion to continue the scheduling conference on September 23, 2019. (ECF No. 22.) In the Court's September 23, 2019 order, albeit in a footnote, the Court reminded Defendant Mountain Lion that a direct response to the order to show cause was required but had not been filed, and that such response was due to be filed by the same day. (ECF No. 22.) The September 23, 2019 deadline passed, and Defendant Mountain Lion failed to file a direct response to the September 18, 2019 order to show cause, and thus failed to provide the Court with an explanation for the failure to participate in the drafting of the original joint report.

On September 24, 2019, the Court issued an order requiring Defendant Mountain Lion to appear on October 9, 2019, to show cause why sanctions should not be issued for failure to comply with the Court's order. (ECF No. 23.) On October 3, 2019, Defendant Mountain Lion filed a request to appear telephonically at the October 9, 2019 hearing along with a response to the Court's order to show cause explaining the failure to participate in the drafting of the joint report. (Def.'s Resp. Court's Order Show Cause ("Resp."), ECF No. 25.)[1] Although not required to do so, on October 4, 2019, counsel for Plaintiff also filed a declaration providing further information regarding Defendant Mountain Lion's response. (Decl. Yana A. Hart Resp.

---

[1] Defendant's response appears to be drafted and signed by counsel D. Scott Carruthers, describes the actions of counsel Erfan Shariat, and attaches a separate declaration signed by counsel Erfan Shariat who affirms the truth of the facts presented in the body of the response. (ECF No. 25.)

Court's Order Show Cause ("Hart Decl."), ECF No. 26.)

The Court held a hearing on October 9, 2019, at which counsel Erfan Shariat appeared on behalf of Defendant Mountain Lion, and counsel Yana Hart appeared on behalf of Plaintiff. (ECF No. 28.)

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the court's orders, the court may issue sanctions for every day the party fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110-11 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or

may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a).

## III.

## DISCUSSION

The Court first summarizes the responses filed by both Plaintiff's counsel and Defendant Mountain Lion's counsel, which both paint the picture of the circumstances in somewhat different lights.

### A. Defendant Mountain Lion's Response

In the response, Defendant Mountain Lion's counsel declares that Plaintiff's attorney, Yana Hart, had been attempting to send documents to Defendant's counsel, but Ms. Hart was sending the emails to counsel Erfan Shariat's personal email account, which he does not use for any work-related purpose. (Resp. 2.) The personal email account is not regularly checked because it receives a lot of spam messages and important emails would get lost or overlooked among the junk email. (Id.) Because of this, Mr. Shariat only checks the account if he knows, or has reason to believe that important email is being sent there. (Id.) Because there was no discussion with Ms. Hart that an email regarding this action had been sent to this email address, Mr. Shariat had no reason to know an email concerning the joint report had been sent. (Id.) On September 17, 2019, Ms. Hart called Defense Counsel and explained that she had sent over the joint report and wanted to know if Defendant's counsel would be sending over their edits in order for Ms. Hart to file the report that day. (Id.) Mr. Shariat notified Ms. Hart that they had not received any emails from her and asked her to confirm where she had sent the document to, and Ms. Hart confirmed she sent to the document to Mr. Shariat's personal email account. (Id.) When Mr. Shariat asked where Ms. Hart had received his personal email address, Ms. Hart stated she believed she had responded to an email from Mr. Shariat, but after "some research" by Mr. Shariat, he was unable to find any emails sent to Ms. Hart using his personal email account. (Id.) Defendant's counsel states that they have been able to resolve the email communication issue

4

with Ms. Hart and have been in direct contact since the discrepancy arose. (Id.) Defendant's counsel assures the Court that this issue will not happen again, and asks the Court to accept the joint scheduling report. (Id.)

### B. Plaintiff's Counsel's Declaration

Counsel for Plaintiff, Ms. Hart, declares that her office uses a case management system which allows the maintenance of information concerning ongoing actions. (Hart Decl. ¶ 6.) On or before September 4, 2019, Plaintiff attempted to contact all counsel for Defendants to meet and confer regarding the discovery plan. (Id. at ¶ 7.) It is Ms. Hart's understanding that prior to September 4, 2019, Mr. Shariat was previously in contact with Plaintiff's counsel's office to request an extension to respond to the complaint, and as a result, the file system was updated to indicate that Mr. Shariat was the day-to-day counsel for Defendant Mountain Lion. (Id. at ¶¶ 8-9.) Mr. Shariat's prior contact information auto populated and appeared in the system, and although the contact information was correct in that it showed Mr. Shariat's current address, firm, and telephone numbers, "the email for Mr. Shariat apparently was not his office email, but rather his personal email." (Id. at ¶ 10.) Ms. Hart states that the "only logical explanation to this, is that possibly in the prior dealings with Mr. Shariat's office, Mr. Shariat communicated with our office through his personal email, and as a result, his contact information was updated to insert his personal email in the system," and Ms. Hart was trying to communicate with Mr. Shariat through his personal email address. (Id. at ¶¶ 11-12.)

After attempting to contact Mr. Shariat on multiple occasions, Ms. Hart received no response, and the parties were unable to complete a meet and confer regarding the joint discovery plan. (Id. at ¶ 13.) On September 17, 2019, Ms. Hart left several messages for Mr. Shariat in the morning, at least one to voicemail and one with a receptionist, indicating the urgency of the contact and the need to timely submit the joint scheduling report. (Id. at ¶ 14.) Ms. Hart informed Mr. Shariat that her office would be filing the joint report by the end of the day, and needed to hear from Mr. Shariat promptly. (Id.) Ms. Hart states that on September 17, 2019, she "was finally able to get ahold of Mr. Shariat." (Id. at ¶ 15.) On September 17, 2019, Mr. Shariat notified Ms. Hart that she was using the personal email address and Ms. Hart

inquired to Mr. Shariat that since the report was due September 18, 2019, and she was willing to work with him, whether he could get back to Ms. Hart promptly. (Id. at ¶ 16.) Mr. Shariat assured Ms. Hart that he would participate by inserting his portions of the joint report by 4:30 p.m. at the latest. (Id. at ¶ 17.) Ms. Hart's office attempted to contact Mr. Shariat at 5:07 p.m. to inquire if Mr. Shariat anticipates to be able to provide the needed information for the report, but Ms. Hart did not hear back from Mr. Shariat that day, and believes Mr. Shariat "probably could not finish the edits" the same day. (Id. at ¶¶ 18-19.) Because Ms. Hart did not hear back from Mr. Shariat on September 17, Plaintiff filed the joint report without Mr. Shariat's participation (ECF No. 17). (Id. at ¶ 19.) On September 18, 2019, at 4:49 p.m., Mr. Shariat provided Plaintiff's counsel with the revisions, and the revised joint report was filed on September 19, 2019 (ECF No. 20). (Id. at ¶ 20.)

Finally, Ms. Hart assures the Court that her office will do everything possible in the future to sufficiently contact Defendant's counsel, and will ensure to use the updated email address. (Id. at 21.)

### C. The Court finds the Imposition of Sanctions is Appropriate

The Court held a hearing regarding the order to show cause on October 9, 2019. (ECF No. 28.) Mr. Shariat's primary explanation for the failure to participate in the drafting of the joint report was the miscommunication concerning Mr. Shariat's personal email address, prior to the order to show cause issued. The Court understands electronic communication issues occur, and as the Court explained at the hearing, if Defendant's counsel had simply submitted a written response to the September 18, 2019 order to show cause by the deadline of September 23, 2019 (ECF No. 18), the Court would have presumably accepted the explanation for the oversight and discharged the order to show cause without the imposition of sanctions and without holding a hearing. However, counsel for Defendant Mountain Lion failed to provide a response by the deadline of September 23, 2019.

Lead counsel of record for Defendant Mountain Lion, D. Scott Carruthers, or his law firm more generally, received notice of the Court's order to show cause through the Court's CM/ECF system on September 18, 2019, at 3:35 p.m., at dsclawoff@aol.com, the electronic mail address

provided to the Court by counsel. (ECF No. 18.) Further, in an effort to ensure Defendant Mountain Lion's counsel was aware that the September 18, 2019 order to show cause had not been discharged, in the Court's September 23, 2019 order continuing the scheduling conference, the Court reminded Defendant Mountain Lion that a direct response to the order to show cause was required but had not been filed, and that such response was due to be filed by the same day. (ECF No. 22.) Again, D. Scott Carruthers, or his law firm more generally, received notice of this order through the Court's CM/ECF system on September 23, 2019, at 4:15 p.m., at dsclawoff@aol.com. (ECF No. 22.) The September 23, 2019 deadline then passed, and Defendant Mountain Lion's counsel failed to file any response. It is thus apparent to the Court that whoever is reviewing the emails received by the law firm of D. Scott Carruthers, has failed to read the orders issued by the Court in this case.[2]

Perhaps more troubling to the Court than the apparent miscommunication regarding the email address is the fact that Mr. Shariat assured Plaintiff's counsel Ms. Hart on September 17, 2019, after the email communication issue had been brought to light, that he would participate in the drafting of the joint report by inserting his portions of the report by 4:30 p.m. on September 17, but Mr. Shariat failed to provide the revisions until September 18, 2019, at 4:49 p.m., the day after the joint report was due to be filed with the Court. (Hart Decl. ¶¶ 17-20.) The Court inquired about this fact at the October 9, 2019 hearing. Mr. Shariat stated he believed he could finish the report by the time promised, that he stayed late to finish, however, he realized he needed additional time and didn't want to do his client a disservice by rushing the work needed to complete the report. While the Court appreciates the desire to ensure legal filings are not haphazardly finalized at the last minute, even if counsel could not complete the report by the time promised, the prudent course of action at that time would have been to simply send an email to Plaintiff's counsel acknowledging the need for additional time and informing counsel that the required edits would not be returned by the time promised. In turn, Ms. Hart, who was acting

---

[2] It does not appear that counsel Erfan Shariat is admitted to practice in the Eastern District of California, is not an attorney of record in this action, and does not directly receive electronic notice of the Court's orders through the CM/ECF system. At the hearing, counsel Erfan Shariat alluded to the fact that the Court's orders are sent to attorney D. Scott Carruthers, that Mr. Shariat has been "out of the loop," and that Mr. Carruthers has been away from the office.

1 diligent in attempting to complete the joint report to ensure compliance with this Court's
2 deadline, could have then advised the Court of the issue and sought relief from the Court's
3 requirement in light of counsel's predicament, or frankly, Defendant's counsel could have then
4 taken the initiative to inform the Court. However, Ms. Hart received no response or notification,
5 despite making a further attempt to get a response by contacting Mr. Shariat's office at 5:07 pm
6 on the evening of September 17, 2019, and was instead required to file an incomplete report to
7 the Court. The Court then reviewed that filing, discovered that Defendant Mountain Lion had
8 not participated in the drafting of it, and hence issued the order to show cause.

9       The Court does not find Defendant's counsel's explanation for the failure to participate in
10 the drafting of the joint scheduling report and failure to respond directly to the Court's order to
11 show cause convincing. Rather, the Court feels Defendant Mountain Lion's counsel has not
12 taken the management of this case seriously, has wasted this Court's resources, and taken the
13 time of Plaintiff's counsel to address these issues. For these reasons, while the Court will
14 discharge the orders to show cause, the Court also holds that monetary sanctions are appropriate
15 to address the failure to comply with the Court's orders.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# IV.

# CONCLUSION AND ORDER

Having reviewed the responses and considering the matters discussed at the October 9, 2019 hearing, the Court shall discharge the order to show cause and issue sanctions of $150.00 against counsel D. Scott Carruthers,[3] for the failure to comply with the Court's orders.

Accordingly, IT IS HEREBY ORDERED that:

1. The orders to show cause, filed September 18, 2019, and September 24, 2019 (ECF Nos. 18, 23), are HEREBY DISCHARGED;

2. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 110, and the Court's inherent authority, monetary sanctions of $150.00 are imposed against D. Scott Carruthers for failure to comply with orders of this Court;

3. D. Scott Carruthers shall pay the amount of $150.00 to the Clerk of the United States District Court, Eastern District of California, no later than October 23, 2019;

4. D. Scott Carruthers shall file a proof of payment within five (5) days of payment of the sanction;

5. If such payment is not made, sanctions of $100.00 per day shall issue from October 23, 2019 until full payment is received; and

6. Failure to comply with this order may result in the issuance of further sanctions.

IT IS SO ORDERED.

Dated: __October 10, 2019__

UNITED STATES MAGISTRATE JUDGE

---

[3] As noted above, it does not appear that counsel Erfan Shariat is admitted to practice in the Eastern District of California, is not an attorney of record in this action, and does not directly receive electronic notice of the Court's orders through the CM/ECF system. The Court thus finds it appropriate to impose the sanctions directly against the attorney of record.